IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00755-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2008

GREGORY C. LANGHAM
CLERK

MIGUEL TRIMBLE,

     Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER OF DISMISSAL

I. Background

     Applicant Miguel Trimble is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Limon, Colorado, Correctional Facility.

Mr. Trimble initiated this action by filing a *pro se* Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and

sentence in Case No. 99CR4106 in the Denver District Court of Colorado.  In an order

filed on May 6, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a

Pre-Answer Response (Answer) limited to addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).  On May 27, 2008, Respondents filed an Answer.  Mr. Trimble

filed a Reply on June 13, 2008.

In the Application, Mr. Trimble asserts that following a jury trial he was convicted of felony murder and attempted aggravated robbery on November 8, 2001, and was sentenced to life without parole. (Application at 2.) He further asserts he filed a direct appeal, in which the Colorado Court of Appeals affirmed his conviction on December 23, 2004, and the Colorado Supreme Court denied his petition for certiorari review on August 22, 2005. Mr. Trimble also states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on January 30, 2006, that was denied by the state district court on March 1, 2006. (Application at 4.) He further states that the denial of the postconviction motion was affirmed on appeal on July 12, 2007, and his petition for certiorari review was denied on October 29, 2007. (Application at 4.)

In the Answer, Respondents agree with Mr. Trimble regarding the reasons for his conviction and the dates his direct appeal was filed and denied. Respondents, however, disagree on the date he filed his postconviction motion and contend that Applicant may have signed and dated the motion on January 30, 2006, but the motion was not filed in the state district court until February 1, 2006. (Answer at 4.) Nonetheless, Respondents concur that the Application is timely under 28 U.S.C. § 2244(d).

Respondents also agree that Applicant has exhausted his state court remedies in Claims One through Three and Seven. (Answer at 8-10.) They argue, however, that Claims Four and Five are unexhausted, and Claim Six, in part, is procedurally defaulted. (Answer at 8-10.) As for Claim Four, Respondents assert that Mr. Trimble failed to raise his late disclosure claim in state court as a federal constitutional claim and instead raised the claim pursuant to the Colorado Rules of Criminal Procedure.

2

(Answer at 9.) With respect to Claim Five, Respondents contend that the cases Mr. Trimble relied on in his state proceedings to support his cumulative error claim did not resolve the issue of cumulative error on a constitutional basis. (Answer at 9.) Respondents conclude that because the Application is a mixed petition it should be dismissed.

In his Reply, Mr. Trimble requests that this Court stay the instant action so that he may return to the state court to exhaust all of his claims and to seek DNA testing that would show he is innocent. (Reply at 1.) Applicant asserts that he desires to take advantage of Colo. Rev. Stat. § 18-1-411-14, which allows DNA testing on claims of actual innocence. (Reply at 2.) Mr. Trimble, citing to *Rhines v. Weber*, 544 S. Ct. 269 (2005), contends that this Court should stay the action, rather than dismiss it, because he has good cause for failing to exhaust the unexhausted claims. (Reply at 3.) He further contends that even though his appellate counsel was ineffective in not exhausting the cumulative error claim, and he can show good cause for this Court to consider the claim, he elects to return to state court to pursue DNA testing. (Reply at 2.) Mr. Trimble concludes that this Court should grant a stay because he has been diligent in pursuing his federal claims, including claims of ineffective assistance of counsel, and he now desires to return to state court to request DNA testing and to raise an ineffective assistance of counsel claim regarding his unexhausted claims. (Reply at 2.)

## II. Analysis

The Court must construe liberally Mr. Trimble's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

3

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as a mixed petition.

Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Trimble concedes that he has not exhausted Claims Four and Five, but further asserts the failure to exhaust was due to ineffective assistance of counsel. As for his request that this Court stay the instant action, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005).

Mr. Trimble asserts that as of the date of his Reply, June 13, 2008, he has ninety days remaining until his time for filing a federal habeas petition is tolled for the purposes of 28 U.S.C. § 2244(d). (Reply at 3.) Mr. Trimble asserts that he will file a second Rule 35(c) postconviction motion once this Court has granted his request to stay the instant

4

action. He further asserts that an order of stay by this Court will assist in expediting the disposition of a second postconviction motion in state court. (Reply at 3.) Finally, Applicant contends that a stay is proper because he has diligently pursued his claims. (Reply at 3.)

The Court finds that ninety days is sufficient time to return to state court for the purpose of exhausting Claims Four and Five in a second postconviction motion. The time during which a properly filed postconviction motion is pending in state court is tolled under 28 U.S.C. § 2244(d). **See Habteselassie v. Novak**, 209 F.3d 1208 (10th Cir. 2000), Furthermore, Mr. Trimble is aware of the time within which he needs to file a timely second habeas action.

There also is no basis for Mr. Trimble's claim that the state court will proceed more expeditiously in deciding a second postconviction motion if this Court grants a stay. Even Mr. Trimble admits that under the new rules of Rule 35(c) the State is required to make a determination on his DNA request within sixty days. (Reply at 2.) Also, since Mr. Trimble's time under § 2244(d) would be tolled if he has a properly filed postconviction motion pending in state court expediting a decision in a postconviction motion is not necessary. Furthermore, there is no reason for Mr. Trimble to delay filing a second postconviction motion until this Court grants a motion to stay the Application.

Finally, simply because Mr. Trimble has diligently pursued his claims to this point does not serve as a basis for finding good cause to grant a stay. The fact remains that Mr. Trimble has sufficient time to return to state court and pursue a properly filed postconviction motion under Colo. Rev. Stat. § 16-5-402 and still be able to file a second § 2254 application within the time requirements of § 2244(d).

5

III. Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as a mixed petition. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this 21 day of _____ July _____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00755-BNB

Miguel Trimble
Reg. No. 111124
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk